**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

MELONY ANN WARREN, Individually,
and MELONY ANN WARREN as Parent
and Natural Guardian of A.B., a Minor,

      Plaintiff,

v.                                                  CASE NO.

UNITED STATES OF AMERICA,

      Defendant.
_____/

**COMPLAINT**

Plaintiff, MELONY ANN WARREN, Individually, and MELONY ANN WARREN, as Parent and Natural Guardian of A.B., a Minor Child, by and through undersigned counsel, Eric C. Ragatz, Esq., of Edwards & Ragatz, P.A., hereby sues Defendant, United States of America, and in support thereof states the following:

**JURISDICTION AND VENUE**

1.      This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2.      United States of America (hereinafter "the Defendant") is the Defendant in this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671, *et. seq.*

3.      Pursuant to 28 U.S.C. §2675(a) the Plaintiff on or about May 1, 2018, presented her claim and her child's loss of consortium claim to the appropriate federal agency for administrative settlement under the FTCA requesting $10,000,000.00. By letter dated September 17, 2018, Plaintiff's claim was denied in writing by the Department of Health and Human Services (Claim #2018-0443).

4. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

5. This Court has jurisdiction over this claim and venue is proper in the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to this claim occurred in Ocala, Marion County, Florida.

6. All conditions precedent to the bringing of this action have occurred, been performed, or been waived.

## PARTIES

7. At all times material, Plaintiff, MELONY ANN WARREN, and her child A. B., were residents of Marion County, Florida.

8. At all times material, Heart of Florida Health Center, Inc., located at 1025 SW 1st Avenue, Ocala, Florida, 34471, was owned and operated by the Defendant and had a duty to provide reasonable and appropriate medical care to Plaintiff, MELONY ANN WARREN.

9. At all times material, Heart of Florida Health Center, Inc., located at 1025 SW 1st Avenue, Ocala, Florida, 34471, was a community health center subject to the Federal Tort Claims Act (FTCA) pursuant to the Federally Supported Health Centers Assistance Act of 1992, as amended, 42 U.S.C. § 233(g)-(n.), which provides that the FTCA 28 U.S.C. §§ 1346(b), 2671-2680, is the exclusive remedy for injuries, including death, caused by employees of a deemed community health center occurring on or after January 1, 1993, or when the Health Center was deemed eligible for coverage.

10. At all times material, Heart of Florida Health Center, Inc. held itself out as a community healthcare provider providing quality primary medical services to patients such as Plaintiff, MELONY ANN WARREN.

11. At all times material, the medical and nursing staff at Heart of Florida Health Center, Inc., including, but not limited to, Yasmin Ramasco, ARNP, were employed by the Defendant and acting within the course and scope of their employment with Defendant.

12. Pursuant to Florida Statute § 766.118, the Defendant is liable for the negligence of its practitioner and non-practitioner employees.

13. The Defendant is vicariously liable for the negligent medical care provided to Plaintiff, MELONY ANN WARREN, by Heart of Florida Health Care, Inc. and its staff, including, but not limited to Yasmin Ramasco, ARNP.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. On or about May 28, 2016, Plaintiff, MELONY ANN WARREN, presented to the emergency department ("ED") of Munroe Regional Medical Center ("MRMC") suffering from severe cervical spine pain – rated a 9 out of ten on the pain scale, and muscle spasms in the cervical spine.

15. Physical examination at that time and place showed that Plaintiff's cervical spine was tender to palpation over the C4-C6 cervical vertebrae. A mild to moderate area of point tenderness which seemed to act as a "trigger point" and was able to reproduce symptoms was present, as was a generalized decrease in flexion and extension and decreased ranges of motion.

16. MRMC ED staff ordered a cervical spine x-ray that showed disc space narrowing from C4 through C6 with moderately advanced degenerative changes unusual for patient's age.

17. A cervical CT-scan was also ordered and showed advanced degenerative changes involving C4 through C6 with mild disc space narrowing.

18. Plaintiff was diagnosed as suffering from muscle spasms of head and/or neck and neck pain. She was prescribed hydrocodone bitartrate-acetaminophen, naproxen, and methocarbamol and advised to seek follow-up care if her condition did not improve.

19. Plaintiff's condition failed to improve, so on or about May 31, 2016, Plaintiff presented to Quick Care Med Walk-in Clinic and Urgent Care ("Quick Care") for further medical attention. At that time, and according to the history of present illness section of Quick Care's medical records, Plaintiff was suffering from sharp neck pain, that she had been suffering from for approximately four days, associated with neurological symptoms of numbness and tingling of the left arm, down into her fingertips. The pain was characterized as severe, and Plaintiff related that the medications prescribed by MRMC were not helping relieve her pain.

20. According to the review of systems section of Quick Care's medical records, the patient, Plaintiff MELONY ANN WARREN, reported neck pain, back pain, muscle spasm, tingling and numbness. On physical examination, Plaintiff was noted to be in moderate pain. The examining medical professional also observed moderate tenderness to palpation at approximate C7, bilateral shoulders. Plaintiff was also observed to have a mild decrease of range of motion and strength in the bilateral upper extremities.

21. Alisha Dotson, PA-C of Quick Care, in response to the thorough history and physical, as well as MELONY WARREN'S ongoing pain and neurological symptoms, advised Plaintiff that a cervical MRI was necessary. She advised Plaintiff that the quickest way to obtain the cervical MRI would be for MELONY ANN WARREN'S primary care physician to order one, or to return to the hospital.

22.     Within about an hour, on or about May 31, 2016, Plaintiff went to her primary care doctor's office at Heart of Florida Health Care, Inc. to discuss obtaining a cervical MRI with ARNP Yasmin Ramasco.

23.     At that time and place, Plaintiff related to ARNP Yasmin Ramasco that she had presented earlier in the day to Quick Care for severe neck pain and associated neurological symptoms of numbness and tingling into her left arm and left fingers, and that upon Quick Care's recommendation, she see her primary care physician to obtain the MRI order.  Plaintiff further advised that she continued to suffer from severe neck pain despite taking hydrocodone bitartrate-acetaminophen, naproxen, and methocarbamol as prescribed by MRMC ED.

24.     ARNP Ramasco, upon examination of Plaintiff, objectively found that Plaintiff suffered from cervical spine pain on motion and reduced rotation. ARNP Ramasco failed to note and document any neurological symptoms and failed to perform and document a neurological exam, despite MELONY ANN WARREN's neurological symptoms that were known to be present that day by virtue of the medical records from Quick Care.

25.     ARNP Ramasco ordered physical therapy and an orthopedic consult. She advised Plaintiff to discontinue methocarbamol and, in its place, prescribed cyclobenzaprine.  Due to her inadequate examination of Plaintiff, MELONY ANN WARREN, and possibly due to dismissal of MELONY ANN WARREN's symptoms, ARNP Ramasco failed to order a stat MRI of the cervical spine.   Instead ARNP Ramasco ordered an MRI of the cervical spine that was unfortunately scheduled for over three weeks later on June 22, 2016.

26.     While Plaintiff, MELONY ANN WARREN, waited for her MRI, her condition gravely deteriorated.  By June 2, 2016, Plaintiff was having difficulty extending her left arm. She presented to the emergency department of West Marion Community Hospital.  She remained

in severe pain in her cervical spine (level 10 out of 10 on the pain scale), and related that her pain increased with movement and touch.  Plaintiff was prescribed more pain medication.

27. Four days later, on June 6, 2016, Plaintiff went back to the ED at MRMC due to continued severe cervical pain and worsening neurological symptoms.  A cervical MRI was performed at MRMC and showed the following:

- o  Anterior epidural abscess at midline of C4-C5 measuring approx. 15mm in length and 2.5mm in width
- o  Associated surrounding inflammatory enhancement
- o  These findings cause mild/moderate narrowing of the canal most prominent at the level C5
- o  Osteomyelitis of C4, C5 and C6 vertebral bodies
- o  No definite involvement of lateral masses
- o  Extensive prevertebral soft tissue infection including a 4cm abscess

28. Plaintiff was diagnosed by MRMC staff with cervical osteomyelitis at C4-C5 with epidural abscess and an emergency C3 through C6 posterior cervical laminectomy was performed at MRMC on June 6, 2016.

29. Plaintiff, MELONY ANN WARREN, never made a meaningful recovery from the abscess and suffered an acute functional decline requiring dependence on other people for survival in her environment secondary to a C5 ASIA D incomplete spinal cord injury.

### COUNT I
### NEGLIGENCE OF UNITED STATES OF AMERICA FOR
### MEDICAL MALPRACTICE

30. Plaintiff, MELONY ANN WARREN, incorporates the substance of the foregoing factual allegations contained in paragraphs 1 - 29 as if fully stated herein and further states:

31. At all times relative hereto, the medical personnel employed by **Heart of Florida Health Care, Inc.**, including, but not limited to Yasmin Ramasco, ARNP, had a duty to meet the prevailing professional standard of care for primary care clinics and use that degree of care and skill in their treatment of Plaintiff, MELONY ANN WARREN, that a reasonably competent advanced registered nurse practitioner health care provider, engaged in the same or similar practice and acting in similar circumstances, would use.

32. Heart of Florida Health Care, Inc., including, but not limited to Yasmin Ramasco, ARNP, deviated from appropriate standards of reasonable care and breached their duties to Plaintiff, MELONY ANN WARREN, by allowing her to develop a C4-C5 epidural abscess that required an emergency C3 through C6 posterior cervical laminectomy, which resulted in a C5 ASIA D incomplete spinal cord injury, that was preventable and treatable with the exercise of appropriate care. This failure to provide appropriate care included, without limitation:

   (a) Failure to perform an accurate and complete physical examination in accordance with Melony Ann Warren's presenting complaint of severe cervical neck pain;

   (b) Failure to order a cervical spine MRI on an emergent basis to be completed within 24 to 48 hours – MRI scheduled for June 22, 2016, was unreasonable;

   (c) Failure to arrange an orthopedic consultation and/or give Melony Ann Warren precise instructions for follow up with an orthopedic spine specialist;

   (d) Failure to refer Melony Ann Warren to a neurologist for evaluation of persistent severe cervical neck pain; and

   (e) Failure to arrange follow-up care for Melony Ann Warren or arrange transfer to a facility which provided a higher level of care for evaluation of persistent severe cervical neck pain not relieved with medication.

33. As a direct and proximate result of the negligence of Defendant and the breach of duties described above, Plaintiff, MELONY ANN WARREN, sustained severe physical injuries, including but not limited to a C5 ASIA D incomplete spinal cord injury, suffered bodily injury resulting in pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of household services, expense of hospitalizations, nursing care, medical care and treatment, medical bills, loss of earnings, loss of ability to earn money, and aggravation of a pre-existing condition.  In addition, Plaintiff, MELONY ANN WARREN, incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, physician, and other medical services, and medications, and she has suffered other related compensable damages.  The losses are either permanent or continuing and Plaintiff, MELONY ANN WARREN, will suffer said losses in the future.

WHEREFORE, Plaintiff, MELONY ANN WARREN, demands judgment for damages and costs against Defendant, United States of America, and a trial by jury of all issues to be tried herein.

## COUNT II
## A.B.'s LOSS OF PARENTAL CONSORTIUM CLAIM

34. Plaintiff, MELONY ANN WARREN, as Parent and Natural Guardian of A.B., a Minor, hereby re-alleges and incorporates herein the allegations in paragraphs 1 through 33.

35. As a further direct and proximate result, A.B., a minor child, has been and will be deprived of the care, comfort, companionship, and consortium of his mother, Plaintiff, MELONY ANN WARREN.

**WHEREFORE**, Plaintiff, MELONY ANN WARREN, as Parent and Natural Guardian of A.B., a Minor, demands judgment for damages and costs against Defendant, United States of America, and a trial by jury of all issues to be tried herein.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demands a trial by jury of all issues that are so triable

## CERTIFICATE OF GOOD FAITH

The undersigned attorney certifies that a reasonable investigation has been made as permitted by the circumstances to determine that grounds exist for a good faith belief that there has been negligence in the care or treatment of Plaintiff, MELONY ANN WARREN. The investigation gave rise to a good faith belief that grounds exist for the subject action against Defendant.

**EDWARDS & RAGATZ, P.A.**

/s/ Eric C. Ragatz

**Eric C. Ragatz, Esquire**
Florida Bar No. 0092053
4401 Salisbury Road, Suite 200
Jacksonville, Florida 32216
(904) 399-1609
(904) 399-1615 Facsimile
service@edwardsragatz.com
ecr@edwardsragatz.com
nds@edwardsragatz.com
*Attorneys for Plaintiff*